### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. SATERA WASHINGTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>1. INTEGRIS HEALTH, INC. )<br>)<br>Defendant. ) | CIV-13-1205-M<br><br>Jury Trial Demanded<br>Attorney Lien Claimed |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for her cause of action herein alleges:

### PARTIES

1. The Plaintiff is Satera Washington, an African American female, who resides in Oklahoma County, Oklahoma.

2. The Defendant is Integris Health, Inc. a business entity doing business in various counties throughout Oklahoma including Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiff's claims are for racial discrimination and retaliation of complaining of such discrimination, which is prohibited by Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. This Court has jurisdiction over the federal claims under 42 U.S.C. §2000e-5(f)(1) and 28 U.S.C.§1333. The Oklahoma state law claims arose under the OADA, and this Court has jurisdiction over such claims under 28 U.S.C. § 1367.

4. All of the actions complained of occurred in Oklahoma County, Oklahoma, which is located within the Western District of Oklahoma, wherefore venue is proper in this Court under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391(b).

### STATEMENT OF FACTS

5. Defendant had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in 2011 and 2012 and is a covered employer under Title

        VII. There is no minimum employee requirement to be liable for race discrimination and retaliation under 42 U.S.C. § 1981.

6. Around April 2010, Defendant hired the Plaintiff to work at its Integris Mental Health facility in Spencer, Oklahoma.

7. In early July 2012, Randy Walker, Caucasian, began harassing the Plaintiff and making derogatory statements about her race.

8. Shortly after such conduct, Plaintiff filed an internal complaint of harassment and discrimination and requested a round table conference with Human Resources and Management pursuant to company policy.

9. As a result of Plaintiff's complaint, she was called into a meeting with Lynetta Holland (HR) and Dr. Krishna (President). During this meeting, Plaintiff again requested a round-table discussion to address her concerns of harassment and discrimination. Ms. Holland informed Plaintiff that she did not have a right to a round-table discussion.

10. Around July 17, 2012, Plaintiff received an email from Holland stating that she had investigated the Plaintiff's grievance and claimed that there was no evidence to substantiate her grievance.

11. Around July 20, 2012, Plaintiff was terminated from employment. The reason given for her termination was that the company was making management changes and had to let her go. This reason is false and pretextual in that there were no changes affecting her position, and the real reason for her termination was due to her complaint of discrimination.

12. As a direct result of Defendant's actions, Plaintiff has suffered, and continues to suffer, lost wages and emotional distress/dignitary harm symptoms for which she is entitled to compensation under Title VII and Sec. 1981. To the extent the OADA purports to cap or limit such damages, that portion of the Act is an unconstitutional

special law in violation of Oklahoma's constitution.

13. Because Defendant's actions were willful and in either malicious or reckless disregard of Plaintiff's rights, Plaintiff is entitled to an award of punitive damages from the Defendant pursuant to 42 U.S.C. §1981a and Sec. 1981. Plaintiff is entitled to an award of liquidated damages under the OADA provisions.

14. Plaintiff has exhausted her administrative remedies by timely filing a charge of discrimination which was filed on or about October 10, 2012, which is within one hundred and eighty (180) days of Plaintiff's wrongful termination. The EEOC issued Plaintiff her right to sue letter for this charge on September 11, 2013 and Plaintiff received such letter thereafter. This complaint is filed within ninety (90) days of Plaintiff's receipt of her right to sue letter. By these means, Plaintiff has exhausted all requirements for filing suit under both state and federal law.

**WHEREFORE,** Plaintiff prays that she be granted judgment in her favor and against the Defendant on all of her claims and that this Court grant the Plaintiff all available compensatory damages, punitive damages, pre- and post-judgment interest, costs, attorney's fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 12th DAY OF NOVEMBER, 2013.**

s/Christine E. Coleman
Mark Hammons, OBA # 3784
Christine E. Coleman, OBA # 30527
HAMMONS, GOWENS, HURST & ASSOC
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
E-mail: mark@hammonslaw.com
christine@hammonslaw.com
*Counsel for Plaintiff*

JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED