# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SATERA WASHINGTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-13-1205-M |
| INTEGRIS HEALTH, INC., | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is plaintiff's Motion with Authority to Quash Subpoenas, filed February 03, 2014. On February 21, 2014, defendant filed its response, and on March 05, 2014, plaintiff filed her reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

The instant action involves claims of race discrimination and retaliation. On or about January 21, 2014, defendant issued subpoenas to plaintiff's former employers – Red Rock Children's Crisis Unit and Associate Medical Professionals. The subpoena sought documents relating to plaintiff's previous employment, including:

> dates of her employment, her personnel file, performance evaluation, wage information, payroll records, timesheets, disciplinary records, workers' compensation claim information, any and all claims, including but not limited to, internal or external complaints of discrimination, or other violations of law, lawsuits made by [plainitff] against [employer] . . . which in any way relates to [plainitff's] employment or employment conditions at [employer] and any investigations conducted by [employer] of any complaints made by or about [plaintiff].

Docket No. 14, Ex. 2. In its response brief, defendant advises the Court that it has agreed to withdraw its request for personnel files and time sheets and that the only remaining issues relate

to plaintiff's: (1) performance evaluation, discipline, and termination records; (2) wage information, payroll records, and dates of employment; (3) workers' compensation records; and (4) complaints of discrimination or other violations of law, any employment-related lawsuits plaintiff filed against her employer and any investigations concerning complaints by plaintiff or about plaintiff ("other discrimination claims").

II.     Discussion

Protective orders are governed by Federal Rule of Civil Procedure 26(c). That rule provides, in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> \*          \*          \*
>
> (A) forbidding the disclosure or discovery;
>
> \*          \*          \*
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; . . . .

Fed. R. Civ. P. 26(c)(1).

The party seeking a protective order must show "good cause" for her request. *Id.*; *Am. Benefit Life Ins. Co. v. Ille*, 87 F.R.D. 540, 543 (W.D. Okla. 1978). "'Good cause' within the meaning of Rule 26(c) contemplates a 'particular and specific demonstration of fact, as

distinguished from stereotyped and conclusory statements.'" *Am. Benefit*, 87 F.R.D. at 543 (quoting *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)).

Further, Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. *Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.*

Fed. R. Civ. P. 26(b)(1) (emphasis added).

A. <u>Performance Evaluation, Discipline and Termination Records</u>

Defendant requests the production of documents relating to plaintiff's performance evaluation, discipline and termination records. Defendant contends that plaintiff is expected to claim that she was only labeled a "bully" because she is African-American; thus, if other employers have rated her on performance evaluations as having difficulty with others or any other conduct similar to that alleged in this case, such information is relevant to the legitimacy of defendant's reason for termination. Defendant also asserts that plaintiff's discipline record is relevant because if other employers have disciplined her for having difficulties with others or for engaging in other conduct similar to the alleged conduct in this case, such information is relevant to the legitimacy of defendant's reason for termination.

Plaintiff contends that it is unlikely that plaintiff's performance records from other employment are relevant to whether defendant denied her federally protected rights. Further, plaintiff contends that even if such information is deemed relevant, it is inadmissible character

3

evidence and does not qualify as evidence of "habit". Moreover, plaintiff asserts that defendant lacks the proper foundation to believe that there are any relevant documents or reasonably calculated evidence to base its request for documents pertaining to disciplinary records.

Having carefully reviewed the parties' submissions, the Court finds that plaintiff's performance evaluation, discipline, and termination records are relevant to this litigation and are discoverable materials. Accordingly, the Court finds that the portion of the subpoenas at issue seeking such documents should not be quashed and a protective order regarding these documents should not be entered.

B. <u>Wage, Payroll, and Dates of Employment Information</u>

Defendant asserts that plaintiff has an obligation to find substantially equivalent employment to mitigate damages, and her wages with her previous employers are relevant to that inquiry. Plaintiff responds that she would not object to a narrowly tailored request for job descriptions and pay rates at prior employers.

Having carefully reviewed the parties' submissions, the Court finds that documents pertaining to plaintiff's wage, payroll, and dates of employment are relevant and/or are reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court finds that the portion of the subpoenas at issue seeking such documents should not be quashed and a protective order regarding these documents should not be entered.

C. <u>Workers' Compensation</u>

Defendant asserts that such information is discoverable because plaintiff seeks recovery for emotional distress/dignitary harms and that it is certain that plaintiff has previously sought these same types of damages from at least one previous employer. Thus, if plaintiff filed workers' compensation claims with previous employers, those claims could be linked to

4

plaintiff's current similar claims. Plaintiff responds that previous workers' compensation claims have nothing to do with the case at bar and that she has not filed any workers' compensation lawsuits against a former employer. Thus, plaintiff contends that defendant's subpoena would be purely a fishing expedition.

Having carefully reviewed the parties' submissions, the Court finds that any prior workers' compensation claims filed by plaintiff, if any, against her previous employers are relevant and/or are reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court finds that the portion of the subpoenas at issue seeking such documents should not be quashed and a protective order regarding these documents should not be entered.

D. Other claims of discrimination

Defendant requests discovery of documents relating to any employment related complaints, investigation and/or lawsuits by plaintiff or about plaintiff. Plaintiff contends that while prior discrimination filings are generally potentially relevant, in the case at bar, defendant has waived or confessed the issue because it has failed to argue any relevant purpose for any complaints made against plaintiff or investigations conducted concerning such complaints regarding plaintiff.

Having carefully reviewed the parties' submissions, the Court finds that any employment related complaints, investigation and/or lawsuits of discrimination by plaintiff or about plaintiff are relevant and/or are reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court finds that the portion of the subpoenas at issue seeking such documents should not be quashed and a protective order regarding these documents should not be entered.

III.     Conclusion

For the reasons set forth above, the Court DENIES plaintiff's Motion with Authority to Quash Subpoenas [docket no. 14].

**IT IS SO ORDERED this 7th day of May, 2014.**

/s/ Vicki Miles-LaGrange
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE