IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SATERA WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CIV-13-1205-M |
| | ) | |
| INTEGRIS HEALTH, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

Before the Court is defendant's Motion to Compel and Brief in Support, filed March 14, 2014. On April 07, 2014, plaintiff filed her response, and on April 14, 2014, defendant filed its reply. Based on the parties' submissions, the Court makes its determination.

The instant action involves claims of race discrimination and retaliation. Defendant issued a request for production of documents requesting, among other items, (i) plaintiff's income tax returns and other financial information from 2008 and forward, (ii) documents plaintiff provided or received from the EEOC regarding any charges of discrimination plaintiff filed against employers other than defendant, and (iii) documents pertaining to any prior treatment of any emotional distress.  Defendant filed the instant motion moving the Court to compel plaintiff to comply.

I.	Income Tax and Other Financial Information

Defendant requests production of plaintiff's full income tax returns and other financial documents, from 2008 to present, in this matter because such documents relate to plaintiff's claim for lost income and to any potential claim of emotional distress. Defendant asserts that plaintiff has produced only the first two pages of most of her federal income tax documents and some additional W2 or 1099 forms.  Plaintiff responds that defendant's motion should be denied because defendant

1

has failed to provide authority supporting its argument that plaintiff's income tax schedules and attachments are relevant and discoverable. Plaintiff also asserts that the documents sought are confidential and not likely to lead to the discovery of admissible evidence. Specifically, plaintiff asserts that plaintiff's tax schedules or source of income are not relevant even if wage loss is at issue because the production of W-2 information is sufficient and plaintiff's other earnings are also shown on the tax return.

In its reply brief, defendant asserts that the Court has adopted plaintiff's proposed protective order which gives extraordinary protection to tax returns and unquestionably waives objections "based on privacy or confidentiality". Further, incomplete production of tax returns are problematic because defendant is unable to verify any of plaintiff's source income for "other earnings". For example, defendant points to the production of plaintiff's 2012 partial tax return which states income for "other earnings". Although plaintiff asserts that this source of income is her settlement from a prior case, defendant is unable to verify this assertion due to the partial disclosure.

Having carefully reviewed the parties' submissions, the Court finds that plaintiff should be compelled to provide the requested documents. Any concern plaintiff has regarding producing such confidential documents is adequately addressed through the protective order in this case.

II.     Documents Pertaining to EEOC Correspondence

Defendant requests the production of all documents provided to or received from the EEOC concerning plaintiff's charges of discrimination against her former employer Cedar Ridge. In her response brief, plaintiff agrees to produce such documents once she receives them from the EEOC. Accordingly, the Court finds that plaintiff should be compelled to exercise reasonable diligence to obtain and produce such documents to defendant in a timely manner.

III.    Prior Treatment of Emotional Distress

Defendant requests the production of documents concerning plaintiff's emotional distress claim. Among other requests, defendant requests the production of medical records of any providers who treated plaintiff for emotional distress pertaining to her previous claim against Cedar Ridge. Defendant asserts that plaintiff denies getting any treatment for emotional distress in the Cedar Ridge case, which directly contradicts her deposition testimony in that case clearly stating she received such treatment.

In her response brief, plaintiff agrees to produce such documents.[1] Accordingly, the Court compels plaintiff to exercise reasonable diligence to obtain and produce such documents to defendant in a timely manner.

IV.    Conclusion

Accordingly, the Court GRANTS Defendant's Motion to Compel and Brief in Support [docket no. 26] as set forth above.

**IT IS SO ORDERED this 7th day of May, 2014.**



VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff explains that she has not produced such documents because she essentially misinterpreted defendant's request. Specifically, plaintiff asserts that she interpreted plaintiff's request for documents relating to medical treatment for emotional distress as referring to such treatment in this particular case and that the treatment she received for the Cedar Ridge claim was undertaken by her general family physician i.e. she did not see the physician specifically for emotional distress. Defendant asserts that plaintiff has already tried to hide her previous lawsuit against Cedar Ridge from the start of discovery and only supplemented her initial denial after defendant informed her counsel that defendant is aware of her previous lawsuit, and that her withholding documents that are the subject of this motion to compel is another concerning step, among others, in plaintiff's course of conduct.

The Court advises both parties that they should be communicating and acting in good faith. The Court will not look favorably on any party disrupting the discovery process or engaging in bad faith conduct thereby unnecessarily requiring this Court's intervention.